**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERRI ZAUSA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL PELLIN, ) <br> ) <br> Defendant. ) | Case No. 16-cv-11440 <br><br> Hon. Amy J. St. Eve |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Terri Zausa brought the present Complaint against Defendant Michael Pellin to enforce a purchase agreement and collect a debt as a judgement creditor. Defendant has moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). For the following reasons, the Court grants Defendant's motion.

**BACKGROUND**

Although Plaintiff's Complaint contains little factual detail, the Court has deduced from the exhibits attached to the Complaint that this case arises from the dissolution of a business relationship between Jack Zausa ("Zausa") and Defendant, and Defendant's subsequent failure to pay all his debts to Zausa or to Plaintiff, Zausa's successor in interest.

Defendant and Zausa were co-owners of United Rail Service, Inc. ("URS"), a corporation and business located at 1150 E. 145th Street, East Chicago, IN 46312. (R. 1, Compl., Ex. A, Purchase Agreement 5.) On March 31, 1990, Zausa divested all his equity and stock in URS, and pursuant to a Purchase Agreement, Pellin acquired all of Zausa's interest in URS for $1.8 million, payable to Zausa in monthly installments of $5,000 over a 30-year period. (*Id.* 3.) On

December 23, 2004, Zausa and Defendant executed a mutual release (the "Release") of "all actions, claims, demands, damages, obligations, liabilities, controversies, and executions . . . whether known or unknown" arising from the 1990 Purchase Agreement and any failures to perform on that agreement. (R. 1, Compl., Ex. B, Release 1.) According to Plaintiff, Defendant executed the release for "tax purpose[s] only" and acknowledged at the time that he still owed money under the Purchase Agreement and that "he was in default when he agreed to the release." (Compl. ¶ 4.) The Release does not include any restrictions or state that it was for "tax purposes" only. Plaintiff alleges that Defendant "remained personally liable" and continued to make payments pursuant to the Purchase Agreement until November 15, 2010. (*Id.*; Compl., Ex. C, Check Statements.)[1]

On September 9, 2009, a Cook County court entered a judgment by confession against Zausa in favor of Plaintiff in the amount of $1,885,358. (Compl. ¶ 2; Ex. D, Turn-Over Order.) Plaintiff has not attached the underlying judgment by confession to her Complaint, and has instead attached a subsequent "Turn-Over Order," which a Cook County court issued in response to Plaintiff's citation to discover Zausa's assets. (*Id.*) In the Turn-Over Order, the court directed Zausa to give to Plaintiff the following property: (1) 8,300 shares of common stack of New City Bank Corp., which had been pledged as collateral at Devon Bank and was held by Devon Bank; (2) all common stock in Zausa Development; and (3) Zausa's interest in a residence at 8365 Fars Cove, Burr Ridge, Illinois, which was subject to a $2.05 million mortgage. (*Id.* 1-2.) The Cook

---

[1] In support of her allegation about continued payments, Plaintiff has cited to a checking statement attached to her Complaint. The statement indicates that United Transportation Group, Inc. made payments of $2,000 to LaSalle Street Financial LLC for "Consulting Fees." Plaintiff has identified neither United Transportation Group nor LaSalle Street Financial, and neither entity is a party to this case. Plaintiff has provided no further explanation of these payments.

County court then dismissed the underlying citation and retained "jurisdiction of this matter to enforce said order." (*Id.* 2.)

Plaintiff, as Zausa's judgment creditor, now seeks to enforce the Purchase Agreement and claim the alleged $1,044,000 that Defendant still owes Zausa under the agreement. (Compl. ¶ 2.) Plaintiff alleges the Purchase Agreement "implies" that the parties are to cooperate in arbitration, but Defendant has refused to settle or arbitrate this dispute. (*Id.* ¶ 5.) Plaintiff claims, however, that arbitration does not apply to Plaintiff in this action and seeks to collect a debt owed to a judgment debtor under 735 ILCS 5/2-1402(c)(6) and to enforce paragraph 7 of the Purchase Agreement to purchase the business and real property at 1150 E 145th Street, East Chicago, IN. (*Id.* ¶¶ 6-7.)

## LEGAL STANDARDS

### I. 12(b)(1)

Article III of the Constitution limits federal judicial power to certain "cases" and "controversies," and the "irreducible constitutional minimum" of standing contains three elements. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 559–60 (1992) (internal citations and quotations marks omitted). "To establish Article III standing, 'a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citations and quotations omitted); *see also Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016). The "[p]laintiff bears the burden of establishing the elements of Article III standing." *Id.* (citing *Lujan*, 504 U.S. at 561). A facial challenge to subject matter jurisdiction contends

3

that the plaintiffs' complaint lacks sufficient factual allegations to establish standing. *Silha*, 807 F.3d at 173. "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.*

**II.     12(b)(5)**

Under Rule 12(b)(5), a defendant may move to dismiss a complaint based on insufficient process. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Once a plaintiff files a lawsuit in federal court, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint. Fed. R. Civ. P. 4(b), (c)(1). A plaintiff can serve a summons by (1) completing service pursuant to the laws of the state in which the district court is located; (2) delivering a copy of the summons and complaint to the defendant individually; (3) leaving a copy of the summons and complaint at the defendant's dwelling with a person of suitable age who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Illinois law requires that plaintiffs serve summons upon individual defendants by either leaving a copy of the summons with the defendant personally or both leaving a copy at the defendant's usual abode with a person of suitable age who resides there and sending a copy to the defendant at his usual place of abode. 735 ILCS 5/2–203(a).

Unless the plaintiff can demonstrate good cause for being unable to do so, he must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit. Fed. R. Civ. P. 4(m). These service requirements serve several purposes: they "provide notice to parties, encourage parties and their counsel to diligently pursue their cases, and trigger a district court's ability to exercise jurisdiction over a defendant." *Cardenas*, 646 F.3d at 1004-05 (citations omitted). "A defendant may enforce the service of process requirements through a

pretrial motion to dismiss," at which point, the plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id.* (citations omitted). The Court's decision on a Rule 12(b)(5) motion is "inherently discretionary." *Cardenas*, 646 F.3d at 1005 (citations omitted).

If an extension request is made under Rule 4(m), "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir. 1996). "If good cause is shown, the court *shall* extend the time for service for an appropriate period." *Id.* "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id.* If the Court determines that the plaintiff lacks good cause for not perfecting service, the Court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m).

**III.     12(b)(6)**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself. *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining

5

the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016). In ruling on a Rule 12(b)(6) motion, district courts may also consider documents attached to the pleadings without converting the motion into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the claims. *See Geinosky v. City of Chi.,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012).

## ANALYSIS

Defendant argues that Plaintiff's complaint fails because (1) Plaintiff lacks standing to bring a claim; (2) Plaintiff did not sufficiently serve process on Defendant; and (3) Plaintiff's claims are barred by the mutual release Defendant and Zausa executed in 2004. The Court addresses each argument in turn.

### I. Plaintiff Has Standing Under 735 ILCS 5/2-1402

Defendant first argues that Plaintiff lacks standing because she was not a party to the Purchase Agreement and thus cannot assert breach of contract or enforcement of contract claims pursuant to that agreement. Plaintiff does not dispute that she was not a party to the Purchase Agreement, but responds that, as a judgment creditor, 735 ILCS 5/2-1402(c)(6) allows her to pursue any claim that the judgment debtor, Zausa, can pursue. Since Plaintiff does not dispute that she does not have standing to pursue independent claims against Defendant in relation to a contract to which she was not a party, the Court dismisses Plaintiff's breach of contract and enforcement of contract claims with prejudice. The Court thus focuses its inquiry on her claim for standing as a judgment creditor.

Proceedings to collect a judgment must "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In Illinois, a creditor may enforce civil judgments

6

through supplementary proceedings pursuant to 735 ILCS 5/2–1402 and Illinois Supreme Court Rule 277. *See Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 662 (7th Cir. 2009) (explaining that "applying Illinois law in the enforcement of the money judgment was proper" and applying 735 ILCS 5/2-1402 and Rule 277); *Dexia Credit Local v. Rogan,* 629 F.3d 612, 622 (7th Cir. 2010) ("Supplementary proceedings are post judgment processes that support the judgment creditor in asset discovery and final satisfaction of judgment."). Creditors may "prosecute supplementary proceedings for the purposes of examining the judgment debtor *or any other person* to discover assets or income of the debtor." 735 ILCS 5/2–1402(a) (emphasis added). "The proceeding may be against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." Ill. S. Ct. R. 277(a). If the relevant third party does not reside or transact business in Illinois, the supplementary proceeding "may be commenced in any county in the State, upon the filing of a transcript of the judgment in the court in the county in which the proceeding is to be commenced." *Id.* at 277(d). "The supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought." *Id.* at 277(b); *see also* 735 ILCS 5/2–1402(a).

Here, Plaintiff's allegations are sparse. She did not file the underlying judgment of confession against Zausa and her Complaint does not include any allegations regarding the outstanding balance Zausa owes Plaintiff under the judgment or the Turn-Over Order. Further, Plaintiff does not assert that she has served a citation on Defendant. Nevertheless, accepting all the factual allegations as true and drawing all reasonable inferences in favor of Plaintiff, her allegations allow for the inference that Zausa is her judgment debtor and that Defendant is a third party indebted to Zausa due to his alleged failure to complete payment to Zausa under the Settlement Agreement. Accordingly, Plaintiff has alleged that she has suffered a financial injury

7

that is traceable to Defendant and that the Court could redress with a favorable decision in this action, *Silha*, 807 F.3d at 173, and thus, she has standing to bring a supplementary proceeding against Defendant pursuant to 735 ILCS 5/2–1402.

## II. Plaintiff Has Not Properly Served Defendant

Defendant next argues that Plaintiff has failed to sufficiently serve process on Defendant. Plaintiff's service of process indicates that Plaintiff's attorney served the summons and Complaint on a secretary at 1150 E. 145th Street, East Chicago, Indiana, but Defendant does not reside at that address and no longer operates a business there, and accordingly, Defendant argues that Plaintiff's service was improper. Plaintiff contends that although Defendant sold his company located at 1150 E. 145th Street before she served process, an authorized agent named "Kim," who served as Defendant's secretary, accepted service. Defendant, however, has provided an affidavit in which he states that Plaintiff has not personally served him, that the secretary referenced in the summons is not Defendant's agent, and that the secretary is not authorized to accept service on his behalf. (Mot. to Dismiss, Ex. A, Dec. of Michael Pellin.)

For purposes of service of process, "[a]n authorized agency does not arise through implication, rather it is intended to involve only actual, explicit authorization." *Chico v. Miller*, 2005 WL 2664586, at *4 (N.D. Ill. Oct. 19, 2005); *see also Schultz v. Schultz*, 436 F.2d 635, 637 (7th Cir. 1971). Courts reject as insufficient service of process to a person who the defendant has not explicitly authorized to serve as his or her agent. In *Sneed v. Winston Honore Holdings, LLC*, No. 16 C 2564, 2017 WL 467686, at *2 (N.D. Ill. Feb. 3, 2017), for example, the plaintiff claimed that he had served the defendant by delivering the complaint to a receptionist in the defendant's office. The court explained that this service was insufficient because the receptionist was not the defendant's authorized agent and thus could not "accept service of process on his

8

behalf." *Id.* Accordingly, the court found that the plaintiff's service was invalid and granted the plaintiff an additional 30 days to serve the defendant. *Id. See also Esquivel v. DOC Able's Auto Clinic, Inc.*, No. 15 C 8141, 2016 WL 1463768, at *3 (N.D. Ill. Apr. 14, 2016) (dismissing suit without prejudice because the plaintiff served defendant's receptionist, who was not an authorized agent, and defendant did not waive service).

Here, Plaintiff has failed to sufficiently serve process on Defendant. As the court stated in *Chico*, "authorized agency does not arise through implication, rather it is intended to involve only actual, explicit authorization." *Chico*, WL 2664586, at *4. Defendant's affidavit, which Plaintiff does not contradict, demonstrates that he has not explicitly authorized the secretary to whom Plaintiff's lawyer provided service to accept service on his behalf. *Falconer v. Gibsons Rest. Grp., L.L.C.*, No. 10 C 1013, 2011 WL 43023, at *1 (N.D. Ill. Jan. 6, 2011) ("In determining whether summons was personally served, the court may consider affidavits . . ."). Further, Defendant has not waived his argument that Plaintiff failed to serve process by appearing in this Court and filing a motion to dismiss. Arguments against personal jurisdiction, like the one here regarding insufficient service, are not waived if they are included in a defendant's motion to dismiss under Rule 12. *See Lieberman v. Budz*, No. 00 C 05662, 2013 WL 157200, at *9 (N.D. Ill. Jan. 15, 2013) ("Improper service of process is a Rule 12(b) defense."); *Sims v. CS First Boston Corp.*, No. 95 C 7018, 1996 WL 131494, at *2 (N.D. Ill. Mar. 15, 1996) (dismissing claim because service of process issue is not waived if included in Rule 12(b) motion and because fact that defendants "received actual notice is irrelevant.").

Accordingly, the Court grants Defendant's motion to dismiss for insufficient service without prejudice.

9

**III.     Plaintiff Has Failed to State a Claim Under 735 ILCS 5/2-1402**

Defendant argues that Plaintiff has failed to state a claim because (1) the Release bars all of Plaintiff's claims, (2) Plaintiff did not enter into a contract with Defendant and cannot allege breach of contract claims, and (3) the Illinois statute cited by Plaintiff does not provide an independent basis for Plaintiff to move forward with her claims against Defendant. In response, Plaintiff argues that the Release is unenforceable because it did not include valid consideration. Though it is premature to consider the merits of Plaintiff's claims in light of the dismissal on procedural grounds, the Court makes the following observations with the hope of streamlining any further motion practice on the pleadings. As noted above, Plaintiff may not bring breach of contract or enforcement of contract claims against Defendant because she was not a party to Zausa's contract with Defendant. Plaintiff's only potentially available avenue to recovery is a debt collection claim pursuant to supplementary proceedings under 735 ILCS 5/2-1402. To initiate supplementary proceedings against a third party, a trial court must enter an underlying judgment, and the judgment creditor must serve a citation upon the third party setting forth the amount of the judgment and balance remaining unpaid. 735 ILCS 5/2-1402(a)-(b). Once the creditor has served the citation, he or she may examine the third party to discover assets owed to the judgment debtor, and if the court finds that the third party owes a debt to the debtor, the creditor may bring an action to recover that debt. 735 ILCS 5/2-1402(a), (b). Plaintiff has failed to follow these procedural mandates.

**A.  The Release**

Defendant first argues that he does not owe a debt to Zausa, the judgment debtor, because Zausa released him from all claims under their Settlement Agreement. "A release must be based upon consideration which consists either of some right, interest, profit or benefit accruing to one

party, or some forbearance, detriment, loss of responsibility given, suffered or undertaken by the other." *Gavery v. McMahon & Elliott*, 670 N.E.2d 822, 826 (1996). Put differently, "[a]ny act or promise which is of benefit to one party or disadvantage to the other is sufficient consideration to support a contract." *Doyle v. Holy Cross Hosp.*, 708 N.E.2d 1140, 1145 (1999). Additionally, "in an action on a validly executed negotiable instrument, consideration is presumed and no further proof thereof is required other than the note itself." *Israel v. Israel*, No. 13 C 5271, 2014 WL 6685517, at *6 (N.D. Ill. Nov. 25, 2014); *see also JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.,* 707 F.3d 853, 866 (7th Cir.2013) ("A validly executed negotiable instrument is presumed to be supported by consideration. A clause stating that an instrument was given 'for value received' ordinarily is sufficient evidence of consideration"). The presumption of consideration is rebuttable, "but the evidence offered in rebuttal must be of a very clear and cogent nature." *Pedott v. Dorman*, 548 N.E.2d 541, 546 (Ill. App. Ct. 1989).

Here, for Plaintiff to have any claim as a judgment creditor against Defendant, she must allege that Defendant still owes money to her judgment debtor, Zausa, and that Zausa did not release Defendant from any debts he owed to Zausa. Plaintiff has not sufficiently alleged that the Release was invalid or unenforceable. In the Complaint, Plaintiff merely states that Zausa and Defendant entered into the Release "for tax purpose only" [sic]. Nowhere in the Complaint does Plaintiff allege that the Release was invalid, unenforceable, or lacked consideration. Indeed, the Complaint does not even contain the word "consideration." Although Plaintiff raises the issue of insufficient consideration in her Response brief, the Court will not consider new allegations raised for the first time in a brief. *Agnew v. Nat'l Collegiate Athletic Ass'n,* 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation omitted). Plaintiff also has failed to

allege or suggest that Zausa's promise to release his claims and not sue under the Settlement Agreement was illusory. *Garvery*, 670 N.E.2d 822, 827 (Ill. App. Ct. 1996) (holding that a law firm's release of "any claims it may have or believe it has against [its former client]" was sufficient consideration for former client's release of claims against law firm).

Furthermore, Plaintiff's allegation that Defendant continued making payment under the Settlement Agreement after executing the Release with Zausa is similarly insufficient. The only detail Plaintiff provides about these payments is a citation to a checking statement that indicates that United Transportation Group, Inc. made payments of $2,000 to LaSalle Street Financial LLC for "Consulting Fees." (Compl., Ex. C.) As noted above, Plaintiff has identified neither United Transportation Group nor LaSalle Street Financial, and neither entity is a party to this case. Plaintiff's Complaint has no further allegations regarding these payments, and attaching financial transactions between unknown parties does not satisfy Plaintiff's burden.

In sum, Plaintiff's sparse Complaint does not sufficiently allege that the Release was invalid such that Defendant is still liable for the debt he owes Zausa. Accordingly, she has failed to state a claim as a judgment creditor.

### B. Requirements of 735 ILCS 5/2-1402

Significantly, Plaintiff has also failed to comply with the basic requirements of 735 ILCS 5/2-1402. As noted above, proceedings to collect a judgment must "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). The statute and Illinois Supreme Court Rules make clear that supplementary proceedings are initiated by service to the clerk of the court of a citation to discover assets. 735 ILCS 5/2–1402(a); Ill. S. Ct. R. 277(b); *see, e.g. Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013) ("Under Illinois law, a judgment creditor may try to collect her judgment by serving a citation to discover assets upon an

individual or entity believed to possess assets of the judgment debtor.") (citing Ill. Sup.Ct. R. 277(b)); *Rizvi v. Alikhan*, No. 13 C 6924, 2015 WL 3906031, at *2 (N.D. Ill. June 24, 2015), *aff'd sub nom. Rizvi v. Allstate Corp.*, 833 F.3d 724 (7th Cir. 2016) (explaining that statute requires that plaintiffs serve third party with citation); *Shipley v. Hoke*, 22 N.E.3d 469, 482–83 (Ill. App. Ct. 2014) (dismissing enforcement action against third party because plaintiff failed to abide by Illinois statute and serve separate citation and notice to third party). Illinois Supreme Court Rule 277(d) also provides that a creditor may only commence a proceeding against a third party "upon the filing of a transcript of the judgment in the court" in which the proceeding is to be commenced. *Broaddus v. Shields*, No. 08 C 4420, 2012 WL 1144664, at *2 (N.D. Ill. Apr. 5, 2012) (explaining that Illinois Supreme Court Rule 277(d) provides that "the proceeding may be commenced in any county in the State, upon the filing of a transcript of judgment . . ."). Here, Plaintiff has not served a citation to discover assets as required by 735 ILCS 5/2-1402(a) and she has not filed a transcript of the judgment in this Court, and accordingly, she has not fulfilled the threshold requirements to initiate supplementary proceedings in this Court.

Additionally, 735 ILCS 5/2-1402 also provides that any citation shall include a certification "setting forth the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court, and the number of the case, and a copy of the citation notice required by this subsection." 735 ILCS 5/2-1402(b); *see also* Ill. S. Ct. R. 277(c)-(d) (stating that the citation "shall state the date the judgment was entered or revived, and the amount thereof remaining unsatisfied"). Here, Plaintiff has not provided any certification whatsoever, much less a certification with the necessary details about the balance remaining on the judgment. Instead, Plaintiff has provided a copy of a Turn-Over Order a Cook County court issued in a supplementary proceeding following a judgment by confession against Zausa.

Plaintiff has not, however, provided the underlying judgment by confession order against Zausa or alleged the remaining balance on the judgment that is due to her from Zausa. The Turn-Over Order itself does not reference the Settlement Agreement in any way or state that payments due to Zausa under the Settlement Agreement are included in the Turn-Over Order.[2] Plaintiff has thus not sufficiently alleged the balance due on the judgment order such that she may proceed with a supplementary proceeding against Defendant to pursue that outstanding balance.

Accordingly, even accepting all Plaintiff's well-pleaded factual allegations as true, the sparse allegations in the Complaint and failure to comply with the mandates of the statute are insufficient to proceed under 735 ILCS 5/2-1402.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's breach of contract and enforcement of contract claims with prejudice. The Court dismisses 735 Plaintiff's action under ILCS 5/2-1402(c) without prejudice.

**DATED:** May 26, 2017                                    **ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge

---

[2] Plaintiff provided a Turn-Over Order dated December 23, 2009, which states that Zausa owed Plaintiff $1,885,358 and requires Zausa to turn over to Plaintiff the following property: (1) 8,300 shares of common stock of New City Bank Corp. with a net value of $140,000; (2) all common stock in Zausa Development; and (3) Zausa's interest in a residence at 8365 Fars Cove, Burr Ridge, Illinois subject to a $2,050,000 mortgage, in foreclosure.