# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TERRI ZAUSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-11440 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| MICHAEL PELLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Terri Zausa brought a citation to discover Defendant Michael Pellin's assets. (R.

31, Notice of Citation to Discover Assets.) Defendant has moved to quash or dismiss Plaintiff's

citation pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following

reasons, the Court grants Defendant's motion to dismiss.

## BACKGROUND

This case arises from the dissolution of a business relationship between Jack Zausa

("Zausa") and Defendant, and Defendant's subsequent failure to pay all his debts to Zausa or to

Plaintiff, Zausa's successor in interest. Zausa is the former spouse of Plaintiff Terri Zausa.

Defendant and Zausa were co-owners of United Rail Service, Inc. ("URS"), a corporation

and business located at 1150 E. 145th Street, East Chicago, IN 46312. (R. 31, Citation, Ex. A,

Purchase Agreement 5.) On March 31, 1990, Zausa divested all his equity and stock in URS,

and pursuant to a Purchase Agreement, Pellin acquired all of Zausa's interest in URS for $1.8

million, payable to Zausa in monthly installments of $5,000 over a 30-year period. (*Id.* 3.) On

December 23, 2004, Zausa and Defendant executed a mutual release (the "Release") of "all

actions, claims, demands, damages, obligations, liabilities, controversies, and executions . . .

whether known or unknown" arising from the 1990 Purchase Agreement and any failures to

perform on that agreement. (R. 31, Citation, Ex. B, Release 1.) According to Plaintiff,

Defendant executed the release for "tax purpose[s] only" and acknowledged at the time that he

still owed money under the Purchase Agreement and that "he was in default when he agreed to

the release." (*Id.* ¶ 2.) The Release does not include any restrictions or state that it was for "tax

purposes" only. Plaintiff alleges that Defendant "remained personally liable" and continued to

make payments pursuant to the Purchase Agreement until November 15, 2010. (*Id.*; Citation,

Ex. C, Check Statements.)

On September 9, 2009, a Cook County court entered a judgment by confession against

Zausa in favor of Plaintiff in the amount of $1,885,358. (Citation, Ex. D, Judgment and Order.)

In the Turn-Over Order, the court directed Zausa to give to Plaintiff the following property: (1)

8,300 shares of common stack of New City Bank Corp., which had been pledged as collateral at

Devon Bank and was held by Devon Bank; (2) all common stock in Zausa Development; and (3)

Zausa's interest in a residence at 8365 Fars Cove, Burr Ridge, Illinois, which was subject to a

$2.05 million mortgage. (*Id.*) The Cook County court then dismissed the underlying citation

and retained "jurisdiction of this matter to enforce said order." (*Id.*)

This is an enforcement action by Plaintiff via a citation to discover assets to collect

money from Defendant based on a judgment against Zausa. Plaintiff invokes subject-matter

jurisdiction in this Court pursuant to 28 U.S.C. § 1332(a), alleging that Plaintiff and Defendant

are in complete diversity and the amount in controversy exceeds $75,000. (R. 31, Citation 3.)

Plaintiff also asserts that this Court has subject-matter jurisdiction under 28 U.S.C. § 1963,

which permits a federal district court to register the judgment of another "district court." (*Id.*)

**PROCEDURAL HISTORY**

On December 18, 2016, Plaintiff, as Zausa's judgment creditor, filed a Complaint seeking to enforce the Purchase Agreement and for breach of contract. (Compl. ¶ 2-7.) Plaintiff also sought to collect a debt owed to her, as a judgment debtor, under 735 ILCS 5/2-1402(c)(6). (*Id.* ¶¶ 6-7.) Defendant moved to dismiss Plaintiff's Complaint, and on May 26, 2017, the Court granted Defendant's motion to dismiss Plaintiff's breach of contract and enforcement of contract claims with prejudice for lack of standing. The Court also dismissed Plaintiff's 735 ILCS 5/2-1402(c)(6) action without prejudice because she failed to properly serve Defendant, because she did not sufficiently allege that Defendant was still liable for the debt he owed Zausa, and because she failed to comply with the procedures mandated by 735 ILCS 5/2-1402. On June 26, 2017, Plaintiff filed a Citation to Discover Assets and Enforce Judgment Against Third-Party Respondent Michael Pellin (the "Citation"). (R. 31, Citation.) In the present motion, Defendant has moved to quash or dismiss Plaintiff's Citation.

**LEGAL STANDARDS**

**I.       12(b)(1)**

Subject-matter jurisdiction is a court's "power to decide the claim before it." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). A motion to dismiss under Rule 12(b)(1) disputes the existence of the Court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two primary types of subject-matter jurisdiction: (1) federal question and (2) diversity. Federal question jurisdiction exists when the lawsuit "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when: (1) the amount in controversy for the lawsuit exceeds $75,000, and (2) the plaintiff and defendant are citizens of different states. *Id.* § 1332(a)(1). The party asserting jurisdiction bears the burden of

establishing that it exists.  *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013).  Challenges to

subject-matter jurisdiction can be either "facial" or "factual."  *See Apex Digital, Inc. v. Sears,*

*Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009).  A facial challenge to subject matter

jurisdiction contends that the plaintiffs' complaint lacks sufficient factual allegations to establish

standing.  *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).  "In reviewing a facial

challenge, the court must accept all well-pleaded factual allegations as true and draw all

reasonable inferences in favor of the plaintiff."  *Id.*

## II.      12(b)(6)

"Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a complaint for

failure to state a claim upon which relief can be granted."  *Hill v. Serv. Employees Int'l Union*,

850 F.3d 861, 863 (7th Cir. 2017).  Under Rule 8(a)(2), a complaint must include "a short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of

what the claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly,* 550 U.S. 544,

555 (2007) (citation omitted).  Under the federal notice pleading standards, a plaintiff's "factual

allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550

U.S. at 555.  Put differently, a "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly,* 550 U.S. at 570).  In determining the sufficiency of a complaint under

the plausibility standard, courts must "accept as true all of the well-pleaded facts in the complaint

and draw reasonable inferences in favor of [the] plaintiffs."  *Hill*, 850 F.3d at 863; *see also*

*Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016).  In ruling on a Rule 12(b)(6) motion,

district courts may also consider documents attached to the pleadings without converting the

motion into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the claims. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Indiana*, 786 F.3d 510, 528 n. 8 (7th Cir. 2015).

## ANALYSIS

Defendant argues that the Court should dismiss Plaintiff's citation because (1) the Court does not have subject-matter jurisdiction over Plaintiff's attempt to collect on a state court judgment; (2) the mutual release Defendant and Zausa executed in 2004 bars Plaintiff's claim of debt against Defendant; and (3) Plaintiff has repeatedly filed false affidavits of service. The Court addresses subject-matter jurisdiction first because it is dispositive.

Defendant first argues that the Court does not have subject-matter jurisdiction over Plaintiff's citation because the underlying judgment was in a state court, not this Court. Plaintiff responds that the Court has jurisdiction over this citation based on diversity of citizenship between Plaintiff and Defendant Pellin and based on 28 U.S.C. § 1963, which provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963.

Plaintiff relies heavily on *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615 (7th Cir. 2013), where the Seventh Circuit addressed whether § 1963 jurisdiction in federal district court—whereby a federal court can register a judgment for the recovery of money in another court—applies to state court judgments as well as federal court judgments. In *GE Betz*, a judgment creditor, GE Betz, registered a North Carolina state court judgment in Illinois state court, which was the judgment debtor's secured creditor's principal place of business, and served the secured creditor, BMO

Harris Bank, with a citation to discover the debtor's assets. *Id.* at 619-20. The judgment debtor removed the case to federal court based on diversity jurisdiction because it was domiciled in Tennessee and its original judgment creditor was domiciled in Pennsylvania. *Id.* at 620. The Seventh Circuit then reviewed the district court's denial of the GE Betz's motion to remand the case to state court. *Id.* The court reasoned that it was not "clear that the language of § 1963 refers solely to judgments rendered by federal courts," and even if it did refer only to federal court judgments, "the statute does not contain any other language barring federal courts from enforcing state-court judgments." *Id.* Accordingly, the Seventh Circuit held that 28 U.S.C. § 1963 "does not prohibit the removal of all matters related to the registration of state-court judgments," assuming the litigation meets the other requirements for federal jurisdiction, "including the amount in controversy and the diversity requirements under 28 U.S.C. §§ 1332 and 1441(b) as well as the independent proceeding requirement under 28 U.S.C. § 1441(a)." *Id.* at 624-25.

Although *GE Betz* has some similarities to this case, there are factual and procedural differences that limit the applicability of the holding. In *GE Betz*, the original creditor registered a foreign state court judgment in Illinois state court and issued a citation to the debtor's third-party secured creditor. The original debtor then removed the entire action to federal court because it and the original creditor from the original judgment were completely diverse. The facts here are different. Plaintiff won an initial judgment in Illinois state court, and now, eight years later, she has filed a citation in federal court against a third party in relation to that initial state court judgment in an attempt to collect on that state court judgment through a third party. Plaintiff has not attempted to independently enter the initial judgment against the original debtor in this Court. Importantly, if the original debtor had attempted to remove this action to federal

court like the debtor did in *GE Betz*, or if Plaintiff had tried to enter her state court judgment

against the original debtor in federal court, this Court would not have jurisdiction because, unlike

in *GE Betz*, where the original debtor and original creditor were completely diverse, the original

debtor and Plaintiff are both domiciled in Illinois[1] and thus complete diversity would not exist.

In sum, *GE Betz* does hold that a party can register any state court judgment in federal court

under § 1963, but it requires an independent basis for federal subject-matter jurisdiction.  Here,

unlike in *GE Betz*, the Court does not have diversity jurisdiction over the two parties to the state

court judgment the Plaintiff seeks to enforce.  *See Bickford v. Wilson*, No. 14-CV-3511-S-DGK,

2015 WL 12850604, at *1 (W.D. Mo. July 14, 2015) (finding that the court did not have subject-

matter jurisdiction to enter or enforce state court judgment between two Missouri parties because

there was no diversity or federal question jurisdiction, and § 1963 requires an independent basis

for jurisdiction).  Accordingly, subject-matter jurisdiction does not exist here under § 1963.

Plaintiff argues that diversity jurisdiction exists under 28 U.S.C. § 1332.  In making this

argument, Plaintiff, an Illinois citizen, has attempted to circumvent the complete diversity

requirement for federal jurisdiction by framing her action as a citation solely against Defendant,

a citizen of Indiana.  This effort, however, fails.  Federal diversity jurisdiction exists only when

the amount in controversy exceeds $75,000 and the action is between citizens of different states.

28 U.S.C. § 1332.  Section 1332 requires "complete diversity," which means that no plaintiff

may be from the same state as any defendant.  *Altom Transp., Inc. v. Westchester Fire Ins. Co.*,

823 F.3d 416, 419–20 (7th Cir. 2016) (citing *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S.

826, 829 (1989)).  Additionally, only the citizenship of a "real party in interest is determinative

when deciding whether the district court has diversity jurisdiction." *CCC Info. Servs., Inc. v.*

---

[1] Plaintiff's citation states, "The Judgment Debtor [Zausa] and Plaintiff are both domiciled in Illinois."
(Citation 3.)

*Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("a party who has no real interest in the outcome of the litigation should not be able to use its citizenship to transform a local controversy into a federal case").

Here, while Plaintiff is attempting to discover Defendant's assets, Zausa, the original debtor and the defendant in the original state court judgment that is the basis of this enforcement action, remains a defendant in this action and is a "real party in interest" because this action involves the resolution of his original judgment debt to Plaintiff, Defendant's alleged debt to him, and the validity of his contract with Defendant and the subsequent Release. *See Jennings v. Hill*, No. 05 C 0974, 2005 WL 1041327, at *2 (N.D. Ill. May 3, 2005) (finding party is real party in interest where party's financial interest in fees in dispute constitutes a sufficient legal interest in the litigation); *Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, No. 1:14-CV-01125-SAB, 2015 WL 6689261, at *6 (E.D. Cal. Oct. 28, 2015) (finding that party is an interested party because they were a party to a contract at issue in the litigation). In essence, Plaintiff is here to enforce the state court judgment against Zausa. Plaintiff may not simply ignore Zausa's role in this litigation to create complete diversity among the parties, and Plaintiff has not filed a separate and independent federal lawsuit against Defendant.[2] Here, Zausa is a real party in interest to this litigation, Zausa and Plaintiff are both citizens of Illinois, and thus complete diversity between the parties does not exist. *Cox v. JED Capital, LLC*, No. 13 C 8793, 2014 WL 3397216, at *5 (N.D. Ill. July 11, 2014) (dismissing action where plaintiff and at least one defendant were domiciled in Illinois because complete diversity did not exist).

---

[2] As discussed above, the Court dismissed Plaintiff's earlier breach of contract claims against Defendant for lack of standing.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's citation for lack of subject-matter jurisdiction.[3]

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's citation without prejudice to file in a court with appropriate jurisdiction.

**DATED:** August 30, 2017 **ENTERED**

AMY J. ST EVE
United States District Court Judge

---

[3] Because the Court has dismissed Plaintiff's citation for lack of subject-matter jurisdiction, the Court need not address Defendant's arguments regarding the Release or Plaintiff's allegedly false affidavits of service.